UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CY MIGUES and
MICHURU MIGUES,

        Plaintiffs,

v.

TOMMY RILEY,
OAKLEY RENTALS, and
PROTECTIVE INSURANCE CO.

        Defendants.

No. 6:18-cv-613

JUDGE TUCKER L. MELANÇON

MAG. JUDGE PATRICK J. HANNA

## MEMORANDUM RULING

Before the Court is the plaintiffs' Motion to Remand, which in addition to the request to remand the plaintiffs also request "an award of attorney fees" under Fed.R.Civ.P. Rule 11. [Rec. Doc. 7; Rec. Doc. 7.1, filed June 3, 2018]. For the reasons that follow, the Motion to Remand will be **GRANTED**, and the request for "an award of attorney fees" under Fed.R.Civ.P. Rule 11 will be **DENIED**.

### I.    PROCEDURAL BACKGROUND

Plaintiff Cy Migues, was involved in an automobile accident allegedly caused by the negligence defendant Tommy Riley. Migues sued Riley in state court for his injuries and his wife, plaintiff Michuru Migues, sued for loss of consortium. [Rec.

Doc. 1.2, filed May 4, 2018].[1] The defendants, Tommy Riley, Oakley Trucking Inc., and Protective Insurance Company, removed the case to this Court based on diversity jurisdiction. [Rec. Doc. 1, filed May 4, 2018].

After the accident, referred to hereinabove Migues was involved in a second accident allegedly caused by the negligence of Drew Bonvillain.[2] After defendants removed the case, the plaintiffs moved to amend the complaint in *Riley* to add Bonvillain as a party defendant in this case asserting they were concerned that the defendants would argue that Migues's injuries were caused by the second accident with Bonvillain.

The Court allowed plaintiffs to amend their complaint to add Bonvillain, a Louisiana resident, thereby defeating diversity jurisdiction. *Migues v. Riley*, No. 6:17–CV–00777, 2017 WL 4994945 (W.D. La. Sept. 25, 2017), *report and recommendation adopted sub nom. Migues v. Protective Ins. Co.*, No. CV 17–777, 2017 WL 4980786 (W.D. La. Nov. 1, 2017).

After remand, the state court entered a consent judgment on April 6, 2018 ordering that "the First Supplemental and Amending Complaint filed in [this Court . . .] be dismissed without prejudice by plaintiffs Cy Migues and Michuru Migues within fifteen[](15) days." [Rec. Doc. 1.13 at 2, filed May 4, 2018]. After the state

---

[1] This case will be referred to as "*Riley*".
[2] Plaintiffs, Cy Migues and Michuru Migues, are residents of Louisiana.

court entered its order, defendants then removed the *Riley* case a second time claiming that the consent judgment in state court was an "other paper" that made the *Riley* case removable as Bonvillain was no longer a party to the state-court *Riley* case. *See* 28 U.S.C. 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant [. . .] of a copy of an [. . .] other paper from which it may first be ascertained that the case is one which is or has become removable"); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the *pleading or event* that made the case removable." (internal citation omitted) (emphasis added)); [Rec. Doc. 1 at 4, filed May 3, 2018].

## II. MOTION TO REMAND

Plaintiffs, for a second time, ask the Court to remand the case alleging there is no diversity jurisdiction as Bonvillain is still a party defendant in the case. [Rec. Doc. 7 at 3; Rec. Doc. 7.1, filed June 3, 2018]. Despite the clear language in the state consent judgment ordering plaintiffs to dismiss the amended complaint within fifteen days, plaintiffs state that they "did not dismiss the [amended complaint.]" [Rec. Doc. 7 at 3, filed June 3, 2018].

Once a motion to remand has been filed, the burden is on the removing party

to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The defendants contend that the state court consent judgment dismissed Bonvillain by "operation of law", but do not offer any authority that the consent judgment is self-executing by "operation of law." [Rec. Doc. 10 at 12, filed June 22, 2018].

The defendants have not met their burden under the statute or Fifth Circuit jurisprudence (1) the plaintiffs dismissed Bonvillain from the case; or (2) the consent judgment dismissed Bonvillain by "operation of law". *See* LR7.5, Response and Memorandum ("Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which respondent relies."). The only asserted authority before the Court is defendants' bald-face assertion that the case should be remanded to state court by "operation of law". The Court, will therefore, remand the case to state court as the defendants have not established that federal jurisdiction exists.

This order does not, and could not, preclude the defendants from removing the case to federal court yet a third time if Bonvillain is, or has been, dismissed from the case. *S.W.S. Erectors, Inc.*, 72 F.3d at 493 ("If the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and [. . .] is not barred by res judicata.").

However, it would be remiss if the Court did not remind counsel for all parties

of their obligations as officers of this Court and their obligations as such under Fed.R.Civ.P. Rule 11(b) when making representations to the Court. *See also* 28 U.S.C. 1927 (stating that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

### III. CONCLUSION

Plaintiffs' Motion to Remand will be **GRANTED** but will be **DENIED** to the extent that it requests the "award of attorney fees".

_____
TUCKER L. MELANÇON
UNITED STATES DISTRICT JUDGE